**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Validata Chemical Services, Inc. | ) | |
| 2634 Nutwood Trace | ) | |
| Duluth, GA 30097 | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 13-1881 |
| v. | ) | |
| | ) | |
| Department of Energy | | |
| 1000 Independence Avenue, SW | | |
| Washington, D.C. 20585 | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**<u>COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES</u>**

Plaintiff Validata Chemical Services, Inc. ("Validata" or "Plaintiff"), through its

undersigned counsel and for its Complaint in the above-captioned matter, alleges as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this post-award protest and complaint against the U.S. Department of

Energy ("DOE") pursuant to the Administrative Procedures Act and the Tucker Act for the

violation of a statute and regulations in connection with a federal procurement.  Plaintiff is a

woman-owned small business who was a competitor on a small business set-aside subcontract

competition that was conducted by URS| CH2M Oak Ridge, LLC ("UCOR") RFP No. 30492-

RFP-RR014 (the "Solicitation").  UCOR has a prime contract with DOE for environmental

remediation services in East Tennessee Technology Park ("ETTP").  UCOR's solicitation

requested proposals from prequalified subcontractors to provide analytical data validation

services on the environmental remediation of hazardous waste projects under UCOR's prime

contract with the Department of Energy ("DOE").  Analytical data validation services involve scientists reviewing chemistry and radiochemistry data generated by laboratories to determine technical merit of the laboratory data and to document technical deficiencies (e.g., when data are incomplete or incorrect as issued by laboratories).   Plaintiff was a prequalified subcontractor who competed for the subcontract.

2.  Immediately after Plaintiff was notified by UCOR that the subcontract award was made to a firm other than Plaintiff, Plaintiff contacted UCOR to inquire about filing a size protest as Plaintiff had sufficient reason to believe that the awardee was not a small business. Under the applicable federal regulations, Plaintiff had the right to file a size protest under the subcontract.  However, UCOR initially and falsely told Plaintiff that a size protest could not be filed under the subcontract which was incorrect information under the applicable federal regulations, particularly 13 C.F.R. 121.1001 which clearly gives a subcontractor the right to file a size protest.  For the next several weeks UCOR gave Plaintiff erroneous, misleading, and false information about filing a size protest to the SBA.

3.  When Plaintiff did submit a size protest to the contracting officer at UCOR, UCOR refused to forward the protest to the applicable Area Office of the U.S. Small Business Administration ("SBA") in direct violation of the pertinent federal regulations, which requires the contracting officer to forward the size protest to the applicable SBA Area Office.   UCOR, however, continued to give Plaintiff erroneous and incorrect information about filing a size protest.  Due to UCOR's deceptive and misleading actions, Plaintiff was hindered and obstructed from filing a size protest which would have been timely under the federal regulations.

4.  Plaintiff then wrote a letter to UCOR in which it listed in chronological order UCOR's wrong, inaccurate, and misleading information with regard to Plaintiff's efforts to file a timely

size protest.  Plaintiff also asserted that the contractor that UCOR selected for the subcontract award was not a small business and gave specific details as to why the awardee, Portage, Inc., was ineligible to receive the subcontract it had been awarded by UCOR.

5.  UCOR indicated in a letter to Plaintiff that it had discussed Plaintiff's concerns with DOE from the beginning.  This included Plaintiff's detailed assertions as to why the awardee selected by UCOR for the subcontract was not a small business. Specifically, UCOR stated that it had "numerous consultations" with DOE's contracting officer and small business program manager. Under the federal regulations, once the size of small business had been brought into question, DOE's contracting officer was required to request a size determination from the SBA which would have been considered timely.  Rather than doing so, however, DOE made its own size determination that the awardee was in fact a small business in direct contravention of the applicable federal regulations.  Only the SBA has the statutory authority to decide whether an individual company actually meets the proper size standards within its industry to be considered a small business.  UCOR indicated in the letter to Plaintiff that it considered the matter closed.

6.  DOE's decision was arbitrary, capricious, and contrary to law. DOE's consent to and approval of UCOR's subcontract award to a firm whose size was in question was in direct violation of a federal statute and other pertinent federal regulations.

7.  Plaintiff's offer was a very close second to that of the actual subcontract awardee, and Plaintiff would have received the subcontract award if DOE had properly requested a size determination from the SBA and the SBA had determined that the awardee was other than small. DOE's improper actions were prejudicial to Plaintiff.

8.  DOE's actions also served to endorse and become a co-actor with the improper actions of UCOR in not only hindering but preventing Plaintiff from exercising its right to file a size protest under the applicable federal regulations.

9.  Accordingly, Plaintiff brings this action before this court seeking a declaratory judgment that would order DOE to rescind its consent of the subcontract to the current awardee and to request a size determination from SBA on the company that was awarded the subcontract. Plaintiff also seeks compensatory damages, attorneys' fees, and other equitable relief that this court may find proper.

## JURISDICTION, VENUE AND STANDING

10.  This Court has jurisdiction over this matter and the Plaintiff has standing to pursue this action for the following reasons:

a. This Court has jurisdiction over this matter because this case involves an issue involving a federal statute; geographical diversity exists among the parties; it is a matter involving an agency of the federal government; and is a controversy alleging monetary damages exceeding $75,000.00.  Venue is proper under 28 U.S.C.A. § 1391(e) because Defendant, an agency of the United States, resides in this district.

b. This Court has jurisdiction over this matter under the Tucker Act to "render judgment on an action by an interested party objecting to . . . *any alleged violation of statute or regulation in connection with a procurement or a proposed procurement"* under  28 U.S.C. § 1491(b)(1).  The Department of Energy engaged in unlawful conduct by making a determination of the size of a subcontractor, which authority is limited solely with the SBA and by working in conjunction with UCOR to deprive Plaintiff of its right to file a size protest.  The cause of action here is based upon the actions of the Department of Energy – not UCOR.

Plaintiff does not allege that UCOR was a federal entity or that UCOR was working an "agent" of the Department of Energy or any other federal entity.

c. Plaintiff has standing to bring this action because it meets the "zone of interest" test under the Administrative Procedures Act.  The "injury in fact" prerequisite is demonstrated by Plaintiff's status as a disappointed bidder.  The subcontract award to Portage, Inc. ("Portage") resulted from an arbitrary or capricious decision by DOE to consent to and approve the subcontract to Portage, as well as DOE's violation of a statute or regulation by making its own size determination of Portage after its size was brought into question and brought to the attention of DOE.  Plaintiff, therefore, as an unsuccessful bidder, has demonstrated a judicially redressable grievance. Moreover, the statutes and regulations that Plaintiff alleges to have been violated in the procurement process clearly demonstrate that the plaintiff's interest is that which is sought to be protected by those regulations.  By making its own size determination, DOE violated 15 U.S.C. § 637(b)(6) (1994), which states that the SBA has conclusive authority to determine size status matters for federal procurements.  DOE also violated FAR §§ 19.301(b) and 19.302(c) which generally states that where a contracting officer has reason to believe that a firm has miscertified its size or is otherwise not a small business, the contracting officer is *required* to refer the matter to the SBA for a size determination.  It is *not* a matter within the CO's *discretion*.  Finally, there is no `clear and convincing' indication of a legislative intent to withhold the violation of this statute or regulation from judicial review.

## PARTIES

11.  Plaintiff is a woman-owned small business concern called Validata Chemical Services, Inc. and located in Duluth, Georgia.  The company's President and CEO is Ms. Sarah

YoonJung Harmon.  Validata was founded in 1990 to provide data validation services. Since that time, Plaintiff has completed more than 300 data validation contracts.  These contracts have included over 250 federal projects and 53 private and municipal data validation contracts on over 240 different sites throughout the country and a few sites internationally. Plaintiff Validata is a company which consists exclusively of data validation specialists, which gives it a level of competence above and beyond that of their multi-disciplined competitors.  Plaintiff was an offeror to the subcontract competition in question.

12.  Defendant is the United States, acting through its agency, the U.S. Department of Energy.

## FACTUAL ALLEGATIONS

13.  On April 28, 2011, DOE awarded UCOR  a contract #DE-SC-004645 for environmental remediation services at East Tennessee Technology Park in Oak Ridge, Tennessee.

14.  On August 2, 2012, UCOR issued Request for Proposal No. 30492-RFP-RR014 ("RFP") for analytical data evaluation services.  According to the RFP, the contract competition was restricted to prequalified small businesses. Earlier, on April 24, 2012, UCOR had put out a notice requesting prequalification submissions.  Plaintiff made its prequalification submission on May 9, 2012 and was subsequently accepted by UCOR as prequalified to make an offer for the subcontract.   The RFP contained no North American Industry Classification Series (NAICS) code nor did the RFP contain a size standard.

15.  Responses to the RFP were due on August 20, 2012.  However, on August 15, 2012, just five days before the proposal due date, UCOR posted Questions and Answers on its website. Question 14 inquired about the applicable NAICS code and size standard.  Although UCOR

responded that the NAICS code was 562910 and that the size standard was 500 employees, the RFP was not amended to reflect a NAICS code or size standard.

16.   Plaintiff submitted its proposal on August 17, 2012.

17.   On September 17, 2012 UCOR selected Portage, Inc. for award of the subcontract. On September 18, 2012, Plaintiff was notified by UCOR that Portage was selected for award of the subcontract.

18.   On September 19, 2012, Plaintiff contacted UCOR and indicated a desire to file a size protest, since it did not believe that Portage met the applicable size standard.  However, UCOR stated that it did not allow size protests.  UCOR also provided Plaintiff with a chart which showed that Plaintiff would have been next in line to be awarded the subcontract after Portage.

19.   On October 2, 2012, after days of delay, UCOR told Plaintiff that, in conjunction with DOE, it had conducted its own size determination and concluded that Portage, Inc. was a small business.

20.   After numerous conversations in which UCOR, in conjunction with DOE, continuously gave Plaintiff erroneous and misleading information on the proper filing of a size protest, Plaintiff, on October 9, 2012, submitted a formal size protest despite UCOR/DOE's incorrect guidance. However, the size protest was never forwarded to the SBA Area Office in compliance with the federal regulations. On October 11, 2012, UCOR, in conjunction with DOE, erroneously told Plaintiff that sending a letter to UCOR was not correct and wrongly directed Plaintiff to send the size protest to the Boise, Idaho office of the U.S. Small Business Administration (SBA).

21.   On October 30, 2012, UCOR, in conjunction with DOE, erroneously informed Plaintiff that the size protest should be mailed to UCOR's Small Business Specialist and not to

UCOR's Contracting Officer.  The applicable federal regulations state that the size protest should be submitted to the Contracting Officer.  UCOR further and falsely informed Plaintiff that the size protest was the full responsibility of Plaintiff – not UCOR.

22.  Pursuant to the applicable regulations the UCOR Contracting Officer was required to forward Plaintiff's size protest to the applicable Area Office of the SBA.  UCOR never forwarded the size protest to the SBA's Area Office, however.

23.  In a letter to UCOR dated November 6, 2012, Plaintiff complained to UCOR in chronological detail how Plaintiff had been given erroneous information and had been misled by UCOR with regard to Plaintiff's desire file a size protest under the federal regulations. Plaintiff stated that Portage was not a small business and was, thus, not eligible to have been awarded the subcontract and gave detailed reasons for its assertion.  As a result of UCOR's misguidance, Plaintiff indicated that it could no longer file a timely size protest under the federal regulations.

24.  In a letter from UCOR to Plaintiff dated December 3, 2012, UCOR stated that it had discussed Plaintiff's concerns with the DOE and, as a result, had determined that Portage was a small business.  UCOR stated that in reaching its decision it had "numerous consultations" with the DOE Contracting Officer as well as the DOE Small Business Program Manager during the course of Plaintiff's questioning of the size standard issue and considered the matter closed.

25.  Thus, DOE improperly consented to and/or improperly approved of a subcontract to an awardee whose size had been brought in question.  DOE's actions resulted in the federal agency making its own size determination of the subcontract awardee in direct violation of the applicable regulations since only the SBA is statutorily authorized to make a size determination.

26.  Under the applicable federal regulations, the DOE Contracting Officer could have made a timely size protest to the applicable SBA Area Office.  Because of the erroneous,

deceptive, and misleading information given to Plaintiff by UCOR, Plaintiff was obstructed by UCOR from filing a timely size protest. Moreover, UCOR had refused to forward Plaintiff's size protest to the SBA's Area Office in violation of federal regulations. Rather than correcting the situation of its Prime Contractor by requesting its own size determination from SBA, DOE made the improper decision of making its own size determination in favor of UCOR's selected subcontract awardee.

27.  The actions of DOE were prejudicial to Plaintiff. If DOE had requested a size determination from the SBA Area Office and the SBA had found Portage to be other than small, the subcontract would have been awarded to Plaintiff, as Plaintiff's offer was second only to the awardee by a very close (approximately 1-2%) margin.

28.  Accordingly, Plaintiff brings this action.

### COUNT ONE – ARBITRARY, CAPRICIOUS AND CONTRARY TO LAW

29.  Plaintiff realleges Paragraphs 1-28 as if set forth fully herein.

30.  DOE violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.* The APA provides that the action of each authority of the Government of the United States, which includes DOE, is subject to judicial review except where there is a statutory prohibition on review or where agency action is committed to agency discretion by law. There is no indication that Congress sought to prohibit or restrict judicial review of DOE actions. Thus, a judicial review of Defendant's decision to make its own size determination of the subcontract awardee rather than refer the matter to the SBA Area Office was arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law, pursuant to 5 U.S.C. 706(2) of the APA.

## COUNT TWO – VIOLATION OF PROCUREMENT STATUTE OR REGULATION

31.  Plaintiff realleges Paragraghs 1-30 as if set forth fully herein.

32.  In making its own size determination that Portage was a small business DOE violated 15 U.S.C. § 637(b)(6) (1994), which states that the SBA has conclusive authority to determine size status matters for federal procurements.  DOE also violated FAR §§ 19.301(b) and 19.302(c) which generally states that where a contracting officer has reason to believe that a firm has miscertified its size or is otherwise not a small business, the contracting officer is *required* to refer the matter to the SBA for a size determination.  It is *not* a matter within the CO's *discretion*.

33.  Furthermore, DOE acted in concert with UCOR to hinder and thwart Plaintiff's right to file a size protest with the SBA under 13 C.F.R. 121.1001.

## IMPACT OF GOVERNMENT ACTIONS

34.  Plaintiff realleges Paragraphs 1-33 as if set forth fully herein.

35.  The impact of the Government's actions was prejudicial to Plaintiff and improperly denied Plaintiff the right to protest the contract award to the SBA on the basis of size.  If the DOE contracting officer had properly referred the matter to the SBA as required by regulation, and the SBA found the subcontract awardee to be other than small, Plaintiff would have been selected for the subcontract award as the next in line for the award.

36.  Plaintiff has no other remedy, administrative or otherwise, except protesting and bringing an action before this Court.  Because of Defendant's improper actions, there is no provision in the regulations for Plaintiff to now timely file a size protest.  However, the

regulations do allow for contracting officers to file size protests without the same timeliness requirements that exist for Plaintiff.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order providing for the following:

    a.   A Declaratory Judgment directing DOE to request a size determination of Portage from the applicable SBA Area Office;

    b.  Compensatory damages incurred by Plaintiff as a result of Defendant's misleading information regarding a size protest;

    c.  Such other relief as the Court deems appropriate, including but not limited to attorney's fees and costs for maintaining this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: November 27, 2013          Respectfully Submitted,

/s/Ralph C. Thomas III_____
Ralph C. Thomas, III,  D.C. Bar No. 256974
BARTON, BAKER, THOMAS & TOLLE, LLP
1320 Old Chain Bridge Rd, Suite 200
McLean, VA  22101
(703) 448-1810, Ext. 23;   (703) 448-3336 (fax)
Email:  rthomas@bbttlaw.com

Attorneys for Plaintiff